**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY BRODZKI,

　　　　Plaintiff - Appellant,

v.

CLEAR CHANNEL
COMMUNICATIONS,

　　　　Defendant - Appellee.

No. 11-6323

(W.D. Oklahoma)

(D.C. No. 5:11-CV-01395-C)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appearing *pro se* and *in forma pauperis*, Plaintiff Anthony Brodzki seeks to appeal the district court's order of dismissal for lack of subject matter jurisdiction. We affirm the dismissal.[1]

We agree with the district court that Mr. Brodzki's complaint "vaguely references" some claimed wrong that the defendant has done to him. It appears to generally involve broadcasting programs which Mr. Brodzki claims have defamed/libeled/slandered him in some unspecified way. Thus, the district court correctly concluded that, even taking the allegations in the complaint as true, Mr. Brodzki has failed to state a claim of a constitutional violation. Accordingly,

---

[1]Like the district court, we quote from another case involving Mr. Brodzki, who is a frequent filer in the courts:

> As an initial matter and for purposes of context, the Court notes that Brodzki is no stranger to the federal judicial system. The Federal Judiciary Public Access to Court Electronic Records ("PACER") Service reflects that Brodzki has filed more than 100 cases, including appeals, since 2009. See http://pacer.psc.uscourts.gov (last visited September 27, 2011). The Court also notes that the Northern District of Illinois has issued a vexatious litigant order against Brodzki. See In re Anthony J. Brodzki, No. 10-CV-04591 (N.D. Ill. July 23, 2010). Additionally, Brodzki has been monetarily sanctioned in the Northern District of Texas based upon his history of submitting frivolous lawsuits. See Brodzki v. N. Richland Hills Police Dept., No. 10-CV-0539-P-BH (N.D. Tex. March 31, 2010). Many of Brodzki's other lawsuits were also found to be frivolous and, as one court stated, "wholly within the realm of fantasy." Brodzki v. Reg'l Justice Ctr., 10-CV-01091-LDG-LRL (D. Nev. July 22, 2010). Like this action, Brodzki's prior claims frequently involved allegations of electronic harassment.

Brodzki v. City of North Richland Hills, 2011 WL 5245247, at *1 (E.D.N.Y. Oct. 31, 2011).

he has failed to plead facts demonstrating proper jurisdiction under 28 U.S.C. § 1331.

Furthermore, while he provides an address for the defendant, he fails to establish the citizenship of the defendant, and therefore does not establish that jurisdiction is proper under 28 U.S.C. § 1331, providing for federal jurisdiction over diversity cases.

We accordingly affirm the district court's dismissal without prejudice of Mr. Brodzki's complaint, for lack of subject matter jurisdiction. This appeal is frivolous. This is at least Mr. Brodzki's third frivolous appeal filed in our court. We caution Mr. Brodzki that any further such appeals will result in sanctions.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge